**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **Leonardo Matos Martinez,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CIVIL NO. 1:26-CV-751-ADA-SH** |
| | § | |
| **Pam Bondi, et al.,** | § | |
| | § | |
| **Respondents.** | § | |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Leonardo Matos Martinez's ("Petitioner") Petition for Writ of Habeas Corpus under 26 U.S.C. § 2241, filed on March 26, 2026. Dkt. No. 1. On April 2, 2026, this Court ordered the Federal Respondents to show cause as to why the original petition should not be granted. Dkt. No. 3. Respondents filed their response on April 9, 2026. Dkt. No. 5. Petitioner filed a reply in support on April 21, 2026. Dkt. No 9. Having considered the parties' arguments, the applicable law, and the relevant facts, the Court finds Petitioner's Petition for Writ of Habeas Corpus should be denied.

Petitioner is in a unique procedural circumstance, as Respondents acknowledge in their Response. An immigration judge has ordered Petitioner's removal, but that decision is still pending on appeal with the Board of Immigration Appeals. Respondents argue that Petitioner is therefore not subject to a final order of removal and that these circumstances weigh heavily against discretionary release on bond. Dkt. No. 5 at 2,

Petitioner argues that he is entitled to a bond hearing and that his situation is fundamentally distinct from the Fifth Circuit's analysis in *Buenrostro-Mendez v. Bondi*, where the Fifth Circuit held that "applicants for admission" are subject to detention under § 1225(b)(2)(A) and have no

right to a bond hearing. *See* Dkt. No. 9 at 5 (citing No. 25-20496,166 F.4th 494, 498 (5th Cir. Feb. 6, 2026)). Petitioner argues that because he entered through a port of entry and therefore did not enter the United States without inspection. *Id.* The Court finds that the Fifth Circuit's reasoning regarding the statutory interpretation of "applicant for admission" likely would still apply to Petitioner and therefore the statutory argument is foreclosed by *Buenrostro-Mendez*. The Court finds it is bound by the Fifth Circuit's recent decision in *Buenrostro-Mendez* and that Petitioner is lawfully detained under § 1225 rather than § 1226.

The Court has likewise denied similar habeas relief on constitutional grounds, as well as challenges brought under the Administrative Procedure Act. *See Rodriguez Hernandez v. Collins, et al.*, No. 1:26-CV-00289-ADA-ML (W.D. Tex. Mar. 9, 2026). The Court incorporates by reference its prior analysis denying habeas relief in *Rodriguez Hernandez.* For the reasons stated previously and incorporated herein, the Court finds that Petitioner's requested relief should be denied. Petitioner's unique factual circumstances, being subject to an order of removal that is not yet final, do not support granting Petitioner a bond hearing.

**IT IS THEREFORE ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (Dkt. No. 1) is **DENIED.** All other requested relief is hereby denied.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Expedited Relief (Dkt. No. 7) is **DENIED** as moot.

**SIGNED** on June 9, 2026.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE